IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| WEST LIBERTY FOODS, L.L.C. <br><br> Plaintiff, <br><br> v. <br><br> MORONI FEED COMPANY, <br><br> Defendant. | CASE NO. 10-cv-146 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff West Liberty Foods, L.L.C. ("Plaintiff" or "WLF"), for its Complaint against Defendant Moroni Feed Company ("Defendant" or "Moroni"), hereby states as follows:

## PARTIES

1. Plaintiff is an Iowa Limited Liability Company having its principal place of business in Iowa and offices throughout the state of Iowa, including in West Des Moines and Sigourney.

2. Western Sales, L.L.C. ("Western Sales") was an Iowa Limited Liability Company that was dissolved on December 26, 2008. Western Sales was an affiliate of Plaintiff, and Plaintiff assumed certain responsibilities of Western Sales upon its dissolution.

3. On information and belief, Defendant is a cooperative Corporation organized under the laws of the State of Utah and having its principal place of business in Moroni, Utah.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201(a). It seeks to resolve an actual controversy within the jurisdiction of this Court.

5. More specifically, this case involves citizens of different states and the matter in controversy exceeds $75,000 exclusive of interests and costs, and therefore, jurisdiction in this Court is appropriate pursuant to 28 U.S.C. § 1332(a).

6. Venue in this matter is proper pursuant to 28 U.S.C. § 1391(a).

## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

7. Plaintiff hereby incorporates paragraphs 1-6 of this Complaint as if fully set forth herein.

8. On May 1, 2006, Defendant entered into a written Marketing Agreement in which Plaintiff was deemed the exclusive agent for the sale and marketing of Defendant's products, which included turkeys, turkey products and other poultry, meats and meat products.

9. In consideration for the right to be the exclusive agent for Defendant's products, Plaintiff agreed to use commercially reasonable efforts to market the products of Defendant and to stimulate demand in the market for Defendant's products.

10. Under the Marketing Agreement, Plaintiff was to determine the prices and procedures to be used for the products.

11. The Marketing Agreement required Plaintiff to remit to Defendant the amount of Defendant's "invoiced plant sales price" for the products which had been sold, after deducting certain offsets. These offsets included "marketing fees", which were a pre-determined percentage of the "invoices plant sales price."

12. On October 20, 2009, Defendant gave notice to Plaintiff that it was electing to terminate the Marketing Agreement effective December 31, 2009.

13. Sometime after December 31, 2009, Defendant raised for the first time an issue regarding the manner in which Plaintiff accounted for certain proceeds received for Defendant's products.

14. More specifically, Defendant has alleged that Plaintiff has improperly retained certain of those proceeds, contrary to the terms in the Marketing Agreement.

15. Plaintiff has denied Defendant's allegations, and contends that its conduct has, at all times, been proper and consistent with the Marketing Agreement.

16. Notwithstanding Plaintiff's denial of liability, Defendant has persisted in its unfounded allegations of a breach of the Marketing Agreement, and has threatened to pursue various remedies against Plaintiff.

17. Accordingly, an actual controversy exists, and a declaratory judgment is necessary to clarify the rights of the parties in this action.

18. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff requests that the Court determine and declare that Plaintiff is not in breach of the Marketing Agreement.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues for which it is available.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff West Liberty Foods, L.L.C. prays for judgment as follows:

1. For a judgment declaring that it has not breached the Marketing Agreement;

2. For Plaintiff's costs incurred herein; and

3. For such other and further relief that this Court deems just and proper.

Date: April 1, 2010

/s/ David A. Tank

David A. Tank (AT0007732)
Angela E. Dralle (AT0002077)
DORSEY & WHITNEY LLP
801 Grand Avenue, Suite 3900
Des Moines, Iowa  50309
Tel: (515) 283-1000, Fax: (515) 283-1060
Email:  tank.dave@dorsey.com
         dralle.angela@dorsey.com
**ATTORNEYS FOR PLAINTIFF**